### NO CLAIM FOR WRONGFUL EVICTION.

Common Pleas Court of Hamilton County.

GEORGE BIELER SONS CO. v. ANTHONY G. RIST.

Decided, March, 1916.

*Landlord and Tenant—No Liability in Tort for Damages—Where Premises Are Surrendered After Judgment of Eviction.*

A tenant who surrendered possession of premises after a judgment of eviction had been rendered against him by a magistrate has no claim against the landlord in tort for damages because of an unjustifiable eviction.

*Peck, Shaffer & Peck,* for plaintiff.
*Cogan, Williams & Ragland* and *Horace A. Reeve,* contra.

MAY, J.

This cause was submitted on a motion to strike out certain allegations of the cross-petition of the defendant.

Prior to the proceedings herein the plaintiff and the defendant were lessor and lessee respectively under a lease. The plaintiff gave the defendant written notice to leave the premises, and following the refusal of the defendant to vacate brought

an action in forcible entry and detainer before James D. Templeton, justice of the peace, and upon the trial of said cause the plaintiff obtained a judgment of restitution, and in pursuance thereof the defendant left and vacated the premises. The plaintiff then brought this suit to recover damages sustained by it during the occupancy of the premises by the defendant and a second cause of action asks for unpaid rent due under the lease. The defendant's answer sets out certain facts denying any liability for damages and any liability for rent. By his cross-petition, which is part of the answer, he asks for certain damages from the plaintiff based upon his eviction by the plaintiff. The plaintiff moves to strike out all allegations upon which this action of damages is based.

Upon consideration, I am of the opinion that the motion is well taken.

"The tenant's right of action against the landlord in tort is, it seems, similar to that which he would have against any stranger who might similarly interfere with his possession or enjoyment. * * * In other words, * * * the tenant recovers not for an eviction by his landlord, but for a trespass on his possession or for an interference with his rights of enjoyment." 2 Tiffany, Landl. & Ten., p. 1292, Sec. 185.

The same author, at p. 1299, Section 186, states:

"The tenant can not assert an eviction by reason of the fact that he yielded possession to the holder of a paramount title, unless he did this in pursuance of a hostile assertion of such title."

In the case at bar, the defendant in his answer sets out the fact that he was given notice to leave the premises and that on failure to leave the premises a suit in forcible entry and detainer was commenced against him and that a judgment was rendered against him in said suit, and that in pursuance thereof he vacated the premises.

From this state of facts there certainly was no wrongful eviction, and therefore no tort was committed by the landlord;

consequently, no damages for wrongful eviction can be recovered. If the tenant had any right to remain in the premises, it was his duty to defend the action before the justice of the peace.

Conceding, for the purpose of argument, that the judgment in the squire's court was not a justifiable eviction, if the defendant voluntarily left the premises after the rendition of said judgment, then his leaving the premises must be construed as a surrender of the same to the landlord.

At p. 1348, Sec. 191a, 2 *Tiffany, Landl. & Ten.*, it is said:

"A surrender of the tenant has the effect of terminating all his interest under the lease, since the interest is thereby transferred to the landlord. And furthermore, it terminates all future liability under the covenants of the lease."

It is therefore immaterial whether the defendant in this case left because of the judgment or because of the surrender. In neither event can he predicate an action for damages on his leaving the premises under the circumstances set out in his answer.

Counsel for the cross-petitioner cites Section 10450, General Code, reading:

"Judgments under this chapter, either before a justice of the peace or in the court of common pleas, shall not be a bar to a later action brought by either party."

This refers to an action in forcible entry and detainer and can not have any reference at all to a tort growing out of an alleged eviction where it was made in pursuance of the judgment.

For these reasons, the motion to strike out is granted and the defendant given ten days to file an amended answer and cross-petition.